# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **EDWIN PRESLEY, ET AL.** | * | **CIVIL ACTION NO. 08-2020** |
| **VERSUS** | * | **JUDGE JAMES** |
| **NISOURCE, INC. and COLUMBIA GULF TRANSMISSION COMPANY** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the district court, is a motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), filed by defendant Nisource, Inc. ("Nisource"). [Doc. # 8]. For reasons stated below, it is recommended that the motion be **GRANTED**.

## PROCEDURAL HISTORY

On December 5, 2008, Edwin and Sheila Presley, individually, and on behalf of their two minor children, filed the instant petition for damages against Nisource and its wholly owned subsidiary, Columbia Gulf Transmission Company ("Columbia Gulf"), in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana. (Petition, ¶¶ 1-2). Plaintiffs seek recovery for damages they sustained following a December 14, 2007, rupture and explosion of an underground natural gas transmission pipeline that was owned, operated, and maintained by Columbia Gulf. *Id*. at ¶¶ 5, 6, & 15.

On December 30, 2008, Nisource and Columbia Gulf removed the case to federal court

on the basis of diversity jurisdiction. (Notice of Removal).[1] On January 9, 2008, Nisource filed the instant motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process. The motion is opposed. The matter is now before the court.

## LAW AND ANALYSIS

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant as long as (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state does not transgress due process protections under the United States Constitution. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Louisiana's long-arm statute extends jurisdiction to the full limits of the Constitution. *See*, La. R. S. § 13:3201(B). Accordingly, the sole issue here is whether exercising *in personam* jurisdiction over the non-resident defendant comports with federal due process.

For personal jurisdiction to satisfy due process, plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 3/12/07) (citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Freudensprung v. Offshore Technical*

---

[1] Defendants established diversity jurisdiction via their Amended Notice of Removal. [doc. # 12].

*Services, Inc.*, 379 F.3d 327 (5th Cir. 2004). General jurisdiction may be exercised when a defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citations omitted). Specific jurisdiction applies where the non-resident defendant has relatively few contacts with the forum state, but the suit arises out of or is related to the defendant's contacts with the forum. *Id.* (citations omitted).[2]

Once a nonresident defendant has filed a motion to dismiss for lack of personal jurisdiction, the party invoking the court's jurisdiction bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court. *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg*, 754 F.2d 542, 545 (5th Cir.1985). When, as here, the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff need only make a prima facie showing of the jurisdictional facts. *Freudensprung, supra*. The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Seiferth, supra*.

In its motion, Nisource contends that it does not conduct any business in Louisiana. However, Nisource did not support its argument with any affidavits or evidence.[3] Thus, the court

---

[2] "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants [sic] contacts with the forum state." *Freudensprung, supra* (citations omitted).

[3] Nisource has recently supplemented its motion with an affidavit that confirms its lack of contacts with Louisiana. (Gary Pottorff Affidavit, Def. Exh. [doc. # 17-2]). However, because the allegations in plaintiffs' petition fail to make a prima facie showing of jurisdictional facts, the court need not rely upon the recently adduced evidence. *See*, discussion, *infra*.

must look solely to the allegations in plaintiffs' petition to determine whether Nisource has requisite contacts with Louisiana to support jurisdiction.

Plaintiffs' only allegations against Nisource are that it is a foreign corporation "licensed to do and doing business in the State of Louisiana," with an agent for service of process in this state, and that it controls and oversees the operations of its subsidiary, Columbia Gulf. (Petition, ¶¶ 1-2). However, registering and qualifying to do business in the state and appointing an agent for service of process do not suffice to establish general jurisdiction. *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181-182 (5th Cir. 1992). Moreover, it is well-settled that "the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung*, 379 F.3d at 346. Even a parent company's 100% ownership of a subsidiary is alone insufficient to impute the actions of the subsidiary to the parent for purposes of establishing minimum contacts. *See, Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1070 n2 (5th Cir. 1992) (citations omitted).[4] Accordingly, the factual allegations in plaintiffs' complaint fail to demonstrate that Nisource exercises requisite minimum contacts with

---

[4] The presumption of institutional independence of related corporate entities may be rebutted by demonstrating "proof of control by [one corporation] over the internal business operations and affairs of another corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes." *Id.* (quotations and citation omitted). The instant complaint, however, does not contain such allegations.

To the extent that plaintiffs contend that by joining in the removal, Nisource waived its right to challenge personal jurisdiction, the argument is foreclosed by contrary Fifth Circuit authority. *Thompson v. Cartlidge*, 158 F.3d 583 1998 WL 648514 (5th Cir. Sept. 3, 1998) (unpubl.) (citation omitted).

Louisiana.⁵ Therefore, plaintiffs have not met their prima facie burden and personal jurisdiction is lacking.⁶

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for lack of personal jurisdiction [Doc. # 8] filed by defendant, Nisource, Inc., be **GRANTED**, and that plaintiffs' claims against defendant, Nisource, Inc., be **DISMISSED**, without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

⁵ In the absence of minimum contacts, the court need not consider whether exercising jurisdiction would violate traditional notions of fair play and substantial justice. *Moncrief Oil Intern., Inc.*, *supra*. The court likewise does not reach Nisource's alternative bases for dismissal under Rules 12(b)(4) and (5).

⁶ Plaintiffs argue that dismissal is premature because they have not had the opportunity to conduct discovery. Under some circumstances, this argument may enjoy persuasive force. Here, however, the allegations against Nisource are so threadbare that they arguably fail to even state a claim for relief. For that same reason, a transfer to another district where the action may have been brought would not advance the interest of justice. *See*, 28 U.S.C. § 1631.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of February, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE