# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| EDWIN PRESLEY, ET AL. | * | CIVIL ACTION NO. 08-2020 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| NISOURCE, INC. and COLUMBIA GULF TRANSMISSION COMPANY | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions to compel [doc. #s 29 & 44] and an embedded request to extend the witness list deadline [doc. # 29], filed by plaintiffs, Edwin and Sheila Presley.[1] The motions are opposed. For reasons stated below, the first motion to compel [doc. # 29] is **DENIED**, the request to extend the witness list deadline [doc. # 29] is **GRANTED**, and the supplemental motion to compel [doc. # 44] is **GRANTED IN PART and DENIED IN PART.**

## Background

On December 5, 2008, Edwin and Sheila Presley, individually and on behalf of their two minor children, filed the instant petition for damages against Columbia Gulf Transmission Company ("Columbia Gulf"). (Petition, ¶¶ 1-2).[2] Plaintiffs seek recovery for damages that they sustained following the December 14, 2007, rupture and explosion of an underground natural gas

---

[1] As these motions are not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[2] Plaintiffs also sued Nisource, Inc., which has since been dismissed from the case. (*See* March 18, 2009, Judgment [doc. # 23]).

transmission pipeline, the "100 line," that was owned, operated, and maintained by Columbia Gulf. *Id*. at ¶¶ 5, 6, & 15.

## I. Initial Motion to Compel

On July 14, 2009, plaintiffs filed the instant motion to compel defendant Columbia Gulf to respond to certain Interrogatories and a Request for Production of Documents that plaintiffs propounded to Columbia Gulf on April 16, 2009. Plaintiffs argue that Columbia Gulf's failure to respond to the discovery requests prevented them from filing their witness list. Accordingly, plaintiffs' motion seeks to not only compel Columbia Gulf to answer the outstanding discovery, but also to extend the witness list deadline.

On the same day that plaintiffs filed their initial motion to compel, Columbia Gulf filed a stipulation wherein it conceded that it was "legally responsible for the payment of any legally recoverable damages sustained by Plaintiffs, Edwin Presley, Sheila Presley, Travis Presley and Zachary Presley, which were proximately caused by the rupture of Columbia Gulf Transmission Company's 100 line in Madison Parish, Louisiana, on December 14, 2007." (Stipulation [doc. # 34]).[3] On July 17, 2009, Columbia Gulf filed an opposition to the initial motion to compel and attached a copy of discovery responses that it had submitted to plaintiffs' counsel on July 14, 2009. (Opp. Memo. & Exhs. [doc. # 35]). In its memorandum, Columbia Gulf acknowledged that it "objected to most of the Interrogatories and Request for Production of Documents in light of its Stipulation and as to certain interrogatories and request for production on the additional ground of privilege in accordance with Rule 26(b)(3)(A) and with particular regard to a real estate appraisal, pursuant to Rule 26(b)(4)(B)." *Id*.

---

[3] *See also*, Response to Request for Admission of Fact No. 1; Def. Opp. Memo., Exh. A [doc. # 35].

In light of Columbia Gulf's responses (albeit belated and consisting almost entirely of objections) to plaintiff's outstanding discovery requests, and plaintiffs' supplemental motion to compel challenging the bases for Columbia Gulf's responses/objections, *see* discussion, *infra*, plaintiffs' initial motion to compel [doc. # 29] is hereby **DENIED, as moot**. However, plaintiffs' request to extend the witness list deadline [doc. # 29] is **GRANTED**. A new deadline will be set at the status conference. (*See* September 15, 2009, Order [doc. # 57]).

## II. Supplemental Motion to Compel

In the wake of Columbia Gulf's stipulation regarding liability and resulting objections to almost all of plaintiffs' discovery requests, plaintiffs filed the instant supplemental motion to compel discovery responses on July 30, 2009. Columbia Gulf filed its opposition on August 12, 2009. The delays for further briefing have since expired, and the matter is now before the court.

### a) Rule 26

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006).

### b) Discussion

Much of plaintiffs' requested discovery seeks to uncover the cause(s) of, and the circumstances that led to, the explosion of the 100 line. (*See* Interrogatory Nos. 5-14; Pl. Suppl. M/Compel, Exh. A). However, Columbia Gulf objected to plaintiffs' Interrogatories Numbered 5-14, on the grounds that Columbia Gulf had admitted and stipulated to liability, and therefore, the requested discovery was "not calculated to lead to the discovery of any relevant evidence on any material issue." (*See* Columbia Gulf's Answers and Objections to Interr.; Pl. Exh. A [doc. # 44]). Columbia Gulf also objected to some of these interrogatories on the basis that they were vague and indefinite because the 100 line is hundreds of miles long and extends through numerous states. (*See* Obj. to Interr. Nos. 7, 10-12; Pl. Exh. A).

With regard to plaintiffs' request for production of documents, Columbia Gulf objected in light of its stipulation regarding liability, and/or by invoking the attorney-client privilege and the work product doctrine. (*See* Columbia Gulf's Resp. to Req. for Prod. of Docs. Nos. 1-4, 6-18; Pl. Exh. A [doc. # 44]).

1) <u>Relevancy Objection</u>

Plaintiffs contend that the requested discovery into the causes of the explosion, and defendant's knowledge of the conditions that led to same, is relevant to the likelihood of future explosions. In contrast, Columbia Gulf argues that the only remaining issues are the extent of plaintiffs' damages, and whether they were proximately caused by the December 14, 2007, rupture of the 100 line. Columbia Gulf has also filed a motion for partial summary judgment seeking to dismiss *inter alia*, plaintiffs' claims for mental anguish, fear, and emotional stress of a future explosion because such damages are not recoverable under Louisiana law. *See* Def.

4

M/Partial Summ. Judg. [doc. # 49].[4]

Defendant's motion for partial summary judgment, notwithstanding, Louisiana courts have permitted recovery for mental anguish resulting from injury to one's property:

> (1) where the property was damaged by an intentional or illegal act; (2) where the property was damaged by acts giving rise to strict or absolute liability; (3) where the property was damaged by activities amounting to a continuous nuisance; and (4) where the property was damaged under circumstances where the owner was present or nearby at the time the damage occurred and suffered a psychic trauma in the nature of or similar to a physical injury as a direct result of the incident itself.

*Elston v. Valley Elec. Membership Corp.*, 381 So.2d 554, 556 (La. App. 2d Cir. 1980) (citing *Farr v. Johnson*, 308 So.2d 884 (La. App.2d Cir. 1975); *accord, In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 764 F.2d 1084, 1087 (5th Cir. 1985); *see also, Simmons v. Board of Com'rs of Bossier Levee Dist.*, 624 So.2d 935, 955 (La. App. 2d Cir. 1993) (defendants' strict liability under Art. 667 established by stipulation).

Thus, the degree of defendant's culpability remains relevant to the viability of plaintiff's claim for mental anguish. In addition, whether the conditions that caused the 100 line to rupture are ongoing is relevant for purposes of showing that defendant's activities constitute a continuous nuisance. *See Elston, supra*. Also, in *Fontenot v. Magnolia Petroleum Co.*, the Louisiana Supreme Court denied plaintiffs' claims for anticipated future inconvenience stemming from defendants' blasting operations, not because such a claim did not exist, but because plaintiff lacked proof to support such a claim. *Fontenot v. Magnolia Petroleum Co.*, 227 La. 866, 80 So.2d 845 (La. 1955). Finally, under Louisiana law, fear of future injury is not recoverable – *absent evidence* that plaintiff is exposed to the condition which causes the fear. *See Nesom v. Tri Hawk Intern.*, 985 F.2d 208, 211 (5th Cir. 1993).

Suffice it to say, at this stage of the proceedings, plaintiffs' requested discovery remains relevant to plaintiffs' claims for damages. The discovery may provide crucial evidence to

---

[4] Defendant's motion for partial summary judgment is pending before the district court judge.

support the special circumstances that warrant an award for mental anguish (past and future), and thus may impact the pending motion for partial summary judgment. Accordingly, Columbia Gulf's general objection to plaintiffs' discovery requests on the basis that they were rendered irrelevant by Columbia Gulf's stipulation and admission of liability, is overruled.

2) Vague and Indefinite Objection

Columbia Gulf also objected to some of plaintiffs' discovery requests on the grounds that they were "vague and indefinite" because the 100 line extends for hundreds of miles, through numerous states. (*See e.g.*, Interr. No. 11). Although plaintiff did not address this objection, there is no apparent reason why Columbia Gulf cannot limit its interrogatory responses to the relevant stretch of the 100 line – if supported by a well-grounded and articulated basis for differentiating that section from other lengths of the line (*e.g.*, constructed at different times; used different materials; subject to different maintenance and inspection procedures, etc.).[5] Moreover, defendant has not established that responding to plaintiffs' requested discovery will prove unduly burdensome. *See Reyes, supra*. Accordingly, Columbia Gulf's "vague and indefinite" objection is overruled.

3) Attorney-Client Privilege and Work Product Doctrine Objection

Columbia Gulf further objected to some of plaintiffs' requests for production of documents because they are purportedly subject to attorney-client privilege and/or the work product doctrine. (*See e.g.*, Resp. to Req. for Prod. Nos. 2, 4, 6-7, 9-10, 17-18; Pl. Exh. A [doc. # 44]). However, a party "claiming that information is privileged or subject to protection as trial-preparation material," must expressly make the claim and "describe the nature of the documents,

---

[5] Of course, if the pertinent section of the line is subject to less rigorous construction, maintenance, or inspection procedures than other sections of the line, such evidence may be relevant to establish the extent of Columbia Gulf's culpability.

communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5)(A). A "blanket" assertion of privilege does not suffice. *In re Shell Oil Refinery*, 812 F. Supp. 658, 661 (E.D. La. 1993). Here, there is no indication that Columbia Gulf has produced a privilege log.[6] Accordingly, Columbia Gulf's objection is overruled at this time, subject to its right to re-urge the objection in connection with a properly documented privilege log.

### 4) Objection to Production of Real Estate Appraisal

In their Request for Production Number 18, plaintiffs requested copies of any appraisals performed by Hough Realty on their property. (Pl. Suppl. M/Compel, Exh. A [doc. # 44]). Columbia Gulf objected to this request because it reasoned that the information was prepared by a consulting expert in preparation of litigation. (*See* Def. Responses; Pl. Suppl. M/Compel, Exh. A). In its opposition to the motion to compel, Columbia Gulf specifically invoked Federal Rule of Civil Procedure 26(b)(4)(B).

Plaintiffs argue that they never would have allowed an appraiser on their property had they known that they were not going to be able to see the appraisal. Plaintiffs further argue that if they do not have access to the appraisal, then they will be compelled to expend additional funds to retain their own appraiser.

Plaintiffs' protestations notwithstanding, it is manifest that a landowner is not entitled to discover an appraisal report as a matter of right. *Hoover v. U.S. Dept. of the Interior*, 611 F.2d

---

[6] At a minimum, a privilege log should include for each withheld document or entry: the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege or privileges asserted. *See, Haensel v. Chrysler Corp.*, 1997 WL 537687 * 4 (E.D. La. 8/22/1997) (citation omitted).

1132, 1142 (5th Cir. 1980). Rather, Rule 26(b)(4)(B) permits a party to discover the opinion of an expert who is not expected to testify at trial *only if* the expert opinion stems from a court ordered independent medical examination, or if the party demonstrates "exceptional circumstances under which it is impracticable for the party to obtain facts or opinion on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B)(I-ii). Plaintiffs failed to establish either basis here. In fact, plaintiffs' motion concedes that they can obtain their own appraisal.[7] Accordingly, defendant's objection to plaintiffs' Request for Production Number 18 is sustained.

   c) **Conclusion**

For the reasons set forth above, plaintiffs' supplemental motion to compel discovery responses [doc. # 44] is hereby **GRANTED IN PART** and **DENIED IN PART**. Within 15 calendar days from the date of this order, Columbia Gulf shall supplement its responses to plaintiffs' requested discovery in accordance with the opinion herein.

   IT IS SO ORDERED.

   THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of September, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[7] At least one court has allowed the cost of surveys as an item of special damages. *See Barr v. Smith*, 598 So.2d 438, 441 (La. App. 2d Cir. 1992) (citations omitted).