

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

---

EDWIN PRESLEY, ET AL.                  CIVIL ACTION NO. 08-2020

VERSUS                                     JUDGE TRIMBLE

COLUMBIA GULF TRANSMISSION CO.      MAGISTRATE JUDGE HAYES

---

## MEMORANDUM RULING

Before the court is an appeal by defendant Columbia Gulf Transmission Company's ("CGT") of the prior ruling by the magistrate judge granting a portion of plaintiffs' supplemental motion to compel discovery.[1] For the reasons expressed herein below, the court finds that this appeal should be **DENIED** and that the prior ruling of the magistrate judge should stand as issued.

## I. BACKGROUND

PlaintiffS filed the above captioned suit in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana and it was timely removed by defendants CGT and Nisource, Inc. on or about December 30, 2008.[2] Plaintiffs' suit alleges that on December 14, 2007 a length of underground compressed natural gas pipeline (hereinafter "100 line") exploded at a location approximately 200 yards north of plaintiffs' residential property at 789 J.M. Graves Road in Delhi, Louisiana.[3] Plaintiffs' suit further alleges that, as a result of the explosion, they sustained a variety of damages including, but not limited to, emotional distress, loss of property value,

---

[1] R. 61.
[2] R. 1.
[3] R. 1-5 at ¶¶ 3 – 6; R. 28 at ¶ 2.

1

physical damages to and loss of use of a horse called "Rebel," inconvenience and loss of consortium.[4]

Defendant Nisource, Inc. was dismissed by judgment dated March 18, 2009. Thus, CGT is the sole remaining defendant to these claims. Plaintiffs filed a motion to compel concerning written discovery requests propounded to CGT on or about April 16, 2009 which, as of June 14, 2009 had not been answered.[5]  In response to this motion, CGT filed a stipulation which acknowledges that it is "legally responsible for the payment of any legally recoverable damages sustained by [p]laintiffs…which were proximately caused by the rupture of the…100 line in Madison Parish, Louisiana on December 14, 2007."[6]  Additionally, CGT filed its opposition to the motion to compel, attaching copies of responses previously submitted to plaintiffs.[7] Specifically, CGT argued that it was in the process of preparing responses to the requested discovery when plaintiffs' motion was filed and that, in fact, such responses were submitted to plaintiffs' counsel the following day.[8]  Moreover, CGT expressed the view that these requests concerned evidence which is irrelevant to the issue of damages which was, in its view, the sole remaining issue in the case given CGT's prior stipulation of liability.[9]  Thereafter, plaintiffs filed a supplemental motion to compel which renewed its request for previously propounded written discovery and documentary evidence and also argued that plaintiffs should be given a copy of appraiser Sherry Hough's report, which they claim they would not have consented to had they known the resulting appraisal of their property would be kept secret from them.[10]

---

[4] R. 1-5 at ¶ 15; R. 28 at ¶ 1.
[5] R. 29.  Plaintiffs' motion also requested an extension of the deadline for designating expert witnesses based on hardship which it argued stemmed from CGT's failure to respond to discovery.
[6] R. 34.
[7] R. 35.
[8] R. 35 at p. 2.
[9] Id.
[10] R. 44 at p. 3.

These motions were referred to U.S. Magistrate Judge Karen L. Hayes for decision, which was issued on September 21, 2009.[11] Judge Hayes' order denied plaintiffs' first motion to compel on the basis that CGT demonstrated that it submitted responses to plaintiffs as requested, but granted plaintiffs' request for extension of the expert witness deadline. Judge Hayes' order granted plaintiffs' supplemental motion to compel on the basis that, although CGT stipulated to liability, their "culpability remains relevant to the viability of plaintiff[s'] claims for mental anguish."[12] Thus, the court rejected CGT's argument that its prior stipulation made these sought responses irrelevant. Judge Hayes also noted that CGT can limit its responses to those documents which pertain to the specific area of the 100 line at issue, provided it supports the selection of certain documents over others with a "well-grounded and articulated basis."[13] Thus, Judge Hayes rejected CGT's objection as to the vagueness and expansiveness of the requests for discovery. Finally, Judge Hayes' order rejected CGT's objection based on attorney-client privilege on the basis that CGT failed to properly describe the nature of the documents included in this privilege, making its objection impermissible as a "blanket assertion of privilege."[14] As to plaintiffs' claim for production of the appraisal report by Sherry Hough, Judge Hayes' order denied plaintiffs' right to same based on plaintiffs' failure to demonstrate the applicability of Fed. R. Civ. P. 26(b)(4)(B) and plaintiffs' ability to obtain their own property appraisal.[15]

CGT now appeals from this prior order and asserts that it should not have to produce the additional documents at issue because they are irrelevant to the remaining issue of damages in this case.[16] CGT asserts that, due to the voluminous nature of these requests, the production of

---

[11] R. 61.
[12] Id. at p. 5.
[13] Id. at p. 6.
[14] Id. at p. 7.
[15] Id. at pp. 7 – 8.
[16] R. 66-2 at p. 5 – 8.

such documents will constitute an undue burden to their defense of this matter.[17]  Finally, CGT argues that the court's requirement that it develop a privilege log in order to properly assert its objection based on attorney-client privilege is essentially impossible to fulfill without undertaking the same arduous inventory of documents which it seeks to avoid in producing same.[18]

The court considers these arguments below.

## II.    Applicable Standards

A federal judge may refer to a magistrate judge, with enumerated exceptions, any pretrial matter pending before him.[19]  Parties who object to any finding by the magistrate judge may file written objections thereto within ten (10) days of the issuance of the order in question.[20]  Pretrial orders are not subject to de novo review and the district judge shall modify only such portions of the magistrate judge's order which he finds to be clearly erroneous or contrary to law.[21]  In making this determination, the district judge may not consider arguments not previously heard by the magistrate judge on the original referred motion.[22]

## III.    Analysis

### A.    Relevancy

CGT's appeal re-urges its contention that, given its prior stipulation as to liability for the explosion, the discovery responses sought by plaintiffs are irrelevant to the sole remaining issue of damages in this case.  The magistrate judge, citing numerous Louisiana state court rulings,

---

[17] Id. at pp. 9 – 10.
[18] Id. at pp. 10 -11.
[19] 28 U.S.C. § 636(b)(1)(A).
[20] Fed. R. Civ. P. 72(a).
[21] Id.
[22] 8 Fed. Proc., L. Ed. § 20:205.

4

pointed out that Louisiana jurisprudence has, in the following instances, allowed recovery on claims for mental anguish even when the only injury was to property:

> (1)  where the property was damaged by an intentional or illegal act;
> (2)  where the property was damaged by acts giving rise to strict or absolute liability;
> (3)  where the property was damaged by activities amounting to a continuous nuisance; and
> (4)  where the property was damaged under circumstances where the owner was present or nearby at the time the damage occurred and suffered a psychic trauma in the nature of or similar to a physical injury as a direct result of the incident itself.[23]

The magistrate judge found that, given these theories of potential recovery, evidence pertaining to the degree of knowledge of the condition of the 100 line prior to the explosion was relevant and should be produced.

CGT argues that theories one and two are inapplicable because no intentional act is alleged and Louisiana law no longer imposes strict liability.[24]  Plaintiffs assert that theories one, three and four are potentially applicable to their claims.[25]  Plaintiffs argue that, given that the explosion at issue is the second such explosion to a CGT gas pipeline in the past seven years, evidence of the past and present condition of the line and of CGT's knowledge thereof is relevant to their claims.[26]  The court agrees and, accordingly, does not find that the magistrate judge erred in overruling CGT's relevancy objection.

CGT also argues that the strength of plaintiffs' claims makes recovery unlikely and, therefore, additional discovery is unnecessary.[27]   The merits of plaintiffs' claims are not

---

[23] R. 61 at p. 5.
[24] R. 66-2 at p. 6.
[25] R. 74 at pp. 3-4.
[26] Id. at p. 2.
[27] R. 66-2 at p. 6.

5

presently before the court, but will be addressed as it is appropriate.  The proposed discovery is important to any such future determinations.

      B.    <u>Objection as to vagueness and indefiniteness</u>

      CGT's opposition to the motion to compel asserts that plaintiffs' request for additional discovery is overly vague and indefinite and, thus overly burdensome.  CGT contends that it was error for the magistrate judge to order discovery in light of these objections and that the ruling at issue evidences the magistrate judge's lack of understanding as to the burden such additional discovery will mean for CGT.

      Our review of the ruling at issue reveals that the magistrate judge was, indeed, mindful of the burdensome aspect of the proposed additional discovery related to the 100 line.  To that end, the court imposed certain limitations, including the caveat that CGT could limit its responses to relevant portions of the 100 line, provided it could coherently establish the basis for its differentiation among portions of the line.[28]

      While the court is sympathetic to the effort that will be required of CGT to comply with the magistrate judge's discovery order, we do not find that its reluctance to undertake this effort is proof that the magistrate judge's ruling is clearly erroneous or contrary to applicable law.  Accordingly, we do not find that the magistrate judge erred in overruling CGT's objection as to vagueness and indefiniteness.

      C.    <u>Attorney-client privilege</u>

      CGT next asserts that the magistrate judge's order compelling discovery over its objection concerning attorney-client privilege and reserving unto CGT the right to reassert such objection once it has properly logged the documents to which this objection may apply is error

---

[28] <u>See</u> R. 61 at p. 6.

since the production of such a log would require essentially the same effort as producing these documents.

Our review of the ruling at issue reveals that the magistrate judge correctly cited the applicable law, including Fed. R. Civ. P. 26(b)(5)(A), which requires that CGT "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  While, again, the court is sympathetic to the effort compliance will require of CGT, we do not find that the magistrate judge's ruling constitutes error.

     D.    <u>Real estate appraisal</u>

Plaintiffs' opposition to CGT's appeal discloses that CGT has already produced a copy of Sherry Hough's appraisal report as requested.[29]  Accordingly, we need not address this portion of the magistrate judge's ruling.


## IV.    CONCLUSION

The court has carefully reviewed the prior ruling of the magistrate judge and CGT's appeal, as well as the foregoing record, and finds that CGT has failed to demonstrate that the magistrate judge's order compelling additional discovery constitutes manifest error or is contrary to applicable law.  Accordingly, we find that CGT's appeal should be denied and that the memorandum order issued by U.S. Magistrate Judge Hayes should stand as issued.

**Alexandria, Louisiana**
**November 10, 2009**

                                               **JAMES T. TRIMBLE, JR.**
                                     **UNITED STATES DISTRICT JUDGE**

---

[29] R. 74 at p. 1.

7